People v Ullah (2018 NY Slip Op 07838)





People v Ullah


2018 NY Slip Op 07838


Decided on November 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2018

Acosta, P.J., Friedman, Manzanet-Daniels, Webber, Singh, JJ.


7638 1974/14

[*1]The People of the State of New York, Respondent,
v
Sukur Ullah, Defendant-Appellant.


Seymour W. James, The Legal Aid Society, New York (David Crow of counsel), and Davis Polk & Wardwell LLP, New York, (R. Brendan Mooney of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.



Judgment, Supreme Court, New York County (Richard D. Carruthers, J. at suppression hearing; Mark Dwyer, J. at jury trial and sentencing), rendered January 7, 2016, convicting defendant of assault in the second degree, and sentencing him to a term of six months and five years' probation, unanimously affirmed.
The hearing court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations. The hearing evidence, viewed as a whole, supports the court's finding that defendant's wife validly consented to the police entry into the couple's apartment (see generally People v Gonzalez, 39 NY2d 122, 128-131 [1976]), that defendant's warrantless arrest in the apartment was therefore lawful, and that his statements were thus admissible. The factfinder expressly accepted specific testimony that defendant's wife invited the police to enter. In any event, any error in admitting the statements was harmless.
The trial court properly admitted statements by the victim to other witnesses under the excited utterance exception to the hearsay rule (see People v Johnson, 1 NY3d 302, 306 [2003]). These statements were made within minutes after the victim was assaulted and while he was crying, vomiting, and bleeding from the nose and mouth. The record supports the inference that he was still under the influence of the stress of the incident despite some passage of time (see People v Brown, 70 NY2d 513, 520-522 [1987]), and that his statements were not the product of reflection or possible fabrication. In any event, any prejudice was limited because the victim testified at trial and was subject to cross-examination (see People v Ludwig, 24 NY3d 221, 230 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 15, 2018
CLERK